Compiler

FILED COURT
20?? MAY 15 PM 2: 42

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                    )
                                       )     **CIVIL CASE NO. CF0651-11**
            Plaintiff,                 )
                                       )
     vs.                               )     **DECISION AND ORDER**
                                       )
KASINTA NETHON,                        )
                                       )
            Defendant.                 )
                                       )

## INTRODUCTION

This matter came before the Honorable Judge James L. Canto II on Defendant's motion to correct illegal sentence, filed June 19, 2013. Oral arguments were heard on August 30, 2013. Attorney Gabrielle Rossi represented Plaintiff and Attorney Howard Trapp appeared on behalf of Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On July 23, 2012, Defendant entered a plea of guilty to the crime of Retail Theft (As a Misdemeanor), as a lesser-included offense of Retail Theft (As a 3rd Degree Felony). (Judgment, 2, Aug. 21, 2012). A provision of the Judgment provides as follows:

> That for the offense of RETAIL THEFT (As a Misdemeanor), as a lesser-included offense of Retail Theft (As a 3rd Degree Felony), the Defendant is sentenced as follows:
>
> A. Defendant is to serve one (1) year imprisonment at the Department of Corrections, all suspended, with credit for time served;
>
> ....
>
> Failure of Defendant to follow all of her conditions of probation may result in a hearing to revoke probation at which time the Court may impose the maximum penalty allowable under the statute for the offense she pleaded guilty to.

*Id.* (emphasis omitted).

///

On July 19, 2013, Defendant filed a motion to correct illegal sentence, pursuant to 9 GCA § 80.60.[1] Defendant argues that the "Defendant is to serve one (1) year imprisonment at the Department of Corrections, all suspended, with credit for time served" portion of the judgment is an illegal sentence, pursuant to the comment to 9 GCA § 80.60. (Mot. Correct Illegal Sentence, 2, Jun. 19, 2013). Plaintiff opposes the motion on the ground that the comment, when read in its entirety, shows that the legislature did not intend to prohibit the courts from suspending a period of imprisonment during sentencing. (Opp'n Mot., 4, Jun. 25, 2013).

## DISCUSSION

An illegal sentence is "[a] sentence ... [that] is not authorized by the judgment of conviction or [that] is greater or less than the permissible statutory penalty for the crime." *People v. Mallo*, 2008 Guam 23 ¶ 12 (alteration in original) (*quoting United States v. Greatwalker*, 285 F.3d 727, 729 (8th Cir. 2002)). A court may correct an illegal sentence at any time. 8 GCA § 120.46 (2005). In this case, Defendant alleges an illegal sentence is included in the judgment, in violation of the comment to 8 [*sic*] GCA § 80.60.

When interpreting the meaning of a statute, a "court must look first to the language of the statute itself." *Sumitomo Constr. Co. v. Gov't of Guam*, 2001 Guam 23, ¶ 17. "In looking at the statute's language, the court's task is to determine whether or not the statutory language is plain and unambiguous." *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 6 (internal quotation marks omitted) (*quoting Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 846 (1997)). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* (*quoting Robinson*, 519 U.S. at 341).

The Court begins its analysis of 9 GCA § 80.60 by employing a literal reading of the comment's language. The language of the statute is as follows:

///

---

[1] Both parties cite to the relevant potions of the comment to 8 GCA §80.60. However, the cited portion is found in the comment to 9 GCA §80.60.

§ 80.60. Standards for Imposing or Withholding Probation.

(a) When Sentence May Not Require Prison Term. The court, in its discretion, may make disposition in respect to any person who has been convicted of a crime without imposing sentence of imprisonment unless a minimum term is made mandatory by a provision of [sic] Guam Codes.

(b) Notwithstanding Subsection (a) the court shall not suspend imposition of sentence or place an offender on probation if, having due regard to the nature and circumstances of the crime and the history, character and condition of the offender, the court finds that imprisonment is necessary for the protection of the public because:

(1) there is undue risk that during the period of a suspended sentence or probation the offender would commit another crime;

(2) the offender is in need of correctional treatment that can be provided most effectively by commitment to an institution; or

(3) a lesser sentence would depreciate the seriousness of the offender's crime.

(c) The following factors, while not controlling, shall be accorded weight in determining whether to suspend imposition of sentence or to place the offender on probation whether:

(1) The offender's criminal conduct neither caused nor threatened serious harm.

(2) The offender did not contemplate that his criminal conduct would cause or threaten serious harm.

(3) There were substantial grounds tending to excuse or justify the offender's criminal conduct, though failing to establish a defense.

(4) The offender has compensated or will compensate the victim of his criminal conduct for the damage or injury which was sustained.

(5) The offender has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.

(6) The offender is particularly likely to respond affirmatively to probationary treatment.

(d) If a person who has been convicted of a crime is not sentenced to imprisonment, the court shall place him on probation if he is in need of the supervision, guidance, assistance or direction that probation can provide.

9 GCA § 80.60 (2005). Under a plain reading of the statute, it is within the court's discretion to suspend a term of incarceration, unless a minimum term is made mandatory under the Guam Codes. 9 GCA § 80.60(a) (2005). The Criminal and Correctional Code does not provide a mandatory minimum term for a person who has been convicted of a misdemeanor. 9 GCA §

80.34(a) (2005). Thus under the plain meaning of the statute, the Court was within its discretion to suspend the imposition of a sentence of imprisonment in the judgment. 9 GCA § 80.60(a) (2005).

Defendant argues that the language in the judgment stating: "Defendant is to serve one (1) year imprisonment at the Department of Corrections, all suspended, with credit for time served" denotes the suspension of the imposition and execution of a sentence of imprisonment, and is therefore an illegal sentence, pursuant to the comment to 9 GCA §80.60. (Mot. Correct Illegal Sentence, 2, Jun. 19, 2013). The comment to 9 GCA § 80.60 provides, in relevant part, as follows: "A sentence of probation no longer involves or requires suspension of the imposition or the execution of any other sentence." 9 GCA § 80.60 cmt. (2005). This section of the comment is capable of two possible interpretations: 1) a permissive reading - a sentence of probation *may* no longer involve or require suspension of the imposition or the execution of any other sentence; or 2) a mandatory reading - where a sentence of probation *shall* no longer involve or require suspension of the imposition or the execution of any other sentence. However, a reading of the comment as mandatory would be in direct conflict with 9 GCA § 80.60(a), which allows the court to make a disposition without imposing a sentence of imprisonment. 9 GCA § 80.60(a) (2005). Therefore, the Court finds a permissive reading of the section of the comment - a sentence of probation "may" no longer involve or require suspension of the imposition or the execution of any other sentence – to be the apt interpretation in light of the plain language of 9 GCA § 80.60(a). Thus the suspended sentence imposed is not an illegal sentence because a sentence of probation *may* involve the suspension of the imposition or the execution of any other sentence.

Furthermore, comments to statutes are not binding. *See People v. Theobald*, No. 92-00126A, 1993 WL 128220, at *4 n. 2 (D.Guam App. Div. April 8, 1993) ("comments...have no binding effect on the courts called upon to interpret the rules."); *People v. Ross*, 168 Ill.2d 347, 352 (1995) ("committee comments to the statute … [are] not binding"). Only if the statute is ambiguous, is it appropriate to consider other sources, such as the comments to the statute, to ascertain the legislature's intent. *People v. Ross*, 267 Ill.App.3d 711 (App.Ct. 1994) (*citing*

*People v. Jameson*, 162 Ill.2d 282, 288 (1994)). "A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses." *Jameson*, 162 Ill.2d at 28. In this case, there is no ambiguity as to the meaning of 9 GCA § 80.60(a). It is within the court's discretion to make a disposition with respect to any person who has committed a crime without imposing a sentence of imprisonment. 9 GCA § 80.60(a) (2005). Conversely, it is within the court's discretion to make a disposition with respect to any person who has committed a crime by imposing a sentence of imprisonment, suspended or otherwise. Because 9 GCA § 80.60 presents no ambiguity as to a court's ability to impose a suspended sentence of imprisonment, the comment need not be considered.

For these reasons, the Court finds the judgment did not contain an illegal sentence.

///

///

///

**CONCLUSION**

Based upon the foregoing, Defendant's motion to correct illegal sentence is hereby DENIED.

**SO ORDERED** this _15TH_ day of November, 2013.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**


...hereby certify that the foregoing
s a full true and correct copy of the
original on file in the office of the
Clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

NOV 15 2013

James R. Borja
Deputy Clerk, Superior Court of Guam